Humberto **ALEMAN–FIERO**, Plaintiff-Appellant,

v.

**IMMIGRATION AND NATURALIZATION SERVICE, District Director, and Attorney General of the United States, Defendants-Appellees.**

No. 73–1581

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 28, 1973.

Robert L. Millard, El Paso, Tex., for plaintiff-appellant.

Ralph E. Harris, Asst. U. S. Atty., El Paso, Tex., William S. Sessions, U. S. Atty., San Antonio, Tex., William E. Weinert, Imm. & Naturalization Serv., El Paso, Tex., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, DYER and SIMPSON, Circuit Judges.

PER CURIAM:

Appellant, Humberto Aleman-Fiero, a citizen of Mexico, was duly admitted to the United States as a permanent resident alien on June 24, 1964. He thereafter returned to Mexico where he lived, married a Mexican national, and commuted to work in the United States. On December 22, 1970, while living in Mexico, he was convicted in Mexico of possessing marihuana. Following his return to the United States, deportation proceedings were instituted against appellant which resulted in a decision by a hearing examiner of the U.S. Immigration Service on May 3, 1971, to deport him. Title 8 U.S.C. Section 1251(a)(11).[1] Appellant immediately appealed this order to the Board of Immigration Appeals which, on April 13, 1972, deemed the appeal withdrawn and refused to further entertain it because Aleman had departed the United States while the appeal was still pending. 8 C.F.R. Sec. 3.4.[2] Appellant then brought this suit for declaratory and injunctive relief. The district court, after a hearing on an application for preliminary injunction, dismissed the complaint. We affirm.

Aleman admits that on December 6, 1971, while his appeal had been pending before the Board for nearly seven months, he departed from El Paso, Texas, to Juarez, Mexico, the border city opposite El Paso, for a temporary visit

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

1. Title 8 U.S.C. Sec. 1251(a)(11) provides for any alien to be deportable who at any time after entry has been convicted of any law relating to the illicit possession of marihuana.

2. 8 C.F.R. Sec. 3.4 in pertinent part provides that

   . . . Departure from the United States of a person who is the subject of deportation proceedings subsequent to the taking of an appeal but prior to a decision thereon shall constitute a withdrawal of the appeal, and the initial decision in the case shall be final to the same extent as though no appeal had been taken.

with his wife who was living in Juarez. He was not allowed to re-enter the United States when he attempted to return from his sojourn later that day. He now contends that (1) his visit was of the brief, casual and temporary nature described in Rosenberg v. Fleuti, 1963, 374 U.S. 449, 83 S.Ct. 1804, 10 L.Ed.2d 1000, and therefore not a "departure" from the United States for deportation purposes; and (2) the withdrawal of his appeal was in violation of his right to due process and equal protection of the law.

Appellant's reliance on *Fleuti* is misplaced for unlike Fleuti who left the country free of any sanctions imposed by the immigration laws, appellant departed while the subject of a deportation order which was then pending before the Board of Immigration Appeals. And Sec. 101(a)(13), 8 U.S.C.A. Sec 1101(a)(13) there at issue in determining what constituted "entry", not departure, expressly provides that:

" * * * no person whose departure from the United States was occasioned by deportation proceedings, * * * shall be held to be entitled to such exception."

The effect of the regulation was automatically to impute an intent to withdraw the appeal to one who has left the country under such burden. Since the Attorney General has wide discretion in effectuating the Immigration and Nationality Act, Title 8 U.S.C. Sec. 1103(a), Sam Andrews' Sons v. Mitchell, 9 Cir. 1972, 457 F.2d 745, 748, we cannot say that such inference was unreasonable when the departure was, as here, strictly voluntary. And the regulation which had the effect of terminating the administrative proceedings finds ample congressional warrant in the parallel provision of Sec. 106(c), 8 U.S.C.A. Sec. 1105a(c):

"An order of deportation * * * shall not be reviewed by any court if the alien has * * * departed from the United States after the issuance of the order."

See also Solis-Davila v. Immigration and Naturalization Service, 5 Cir. 1972, 456 F.2d 424, 427 n. 6, where we cited 8 C.F.R. Sec. 3.4 with approval.

Similarly, appellant's second contention is without merit. He was afforded a hearing in deportation proceedings and alleges no violations of his rights in those proceedings. Kwong Hai Chew v. Colding, 1953, 344 U.S. 590, 597 n. 6, 73 S.Ct. 472, 478, 97 L.Ed. 576, 584.

Affirmed.