**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Taofig Olabiyi BLAIZE, Defendant–Appellant.**

**No. 91–50754.**

United States Court of Appeals, Ninth Circuit.

Submitted March 3, 1992 *.

Decided March 26, 1992.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

H. Dean Steward, Directing Atty., Federal Public Defender, Santa Ana, Cal., for defendant-appellant.

Yvette M. Palazuelos, Asst. U.S. Atty., Los Angeles, Cal., 'for plaintiff-appellee.

Before CANBY, KOZINSKI and FERNANDEZ, Circuit Judges.

FERNANDEZ, Circuit Judge:

Taofig Olabiyi Blaize (Blaize) was indicted for and pled guilty to the use of a false passport. 18 U.S.C. § 1542. At sentencing the district court added two points to his Guideline score upon a finding that Blaize had previously been deported. Blaize appeals. We affirm.

## BACKGROUND

There is no serious dispute about the historical facts which define this case. In May of 1991, Blaize was arrested at Los Angeles International Airport when he entered the United States using a false passport. He was indicted for and pled guilty to a violation of 18 U.S.C. § 1542.

In May of 1989, Blaize was ordered deported from the United States. He appealed that order to the Board of Immigration Appeals (BIA) and never expressly withdrew the appeal. However, he did voluntarily leave the United States after the appeal from the deportation order had been filed.

Under U.S.S.G. § 2L2.4(b)(1), a defendant who violates 18 U.S.C. § 1542 has his Guideline score increased by two levels, "[i]f the defendant is an unlawful alien who has been deported (voluntarily or involuntarily) on one or more occasions prior to the instant offense...."

The district court found that the concatenation of the deportation order and the voluntary departure resulted in a deportation. Thus, the court added two points to Blaize's Guideline score and he appealed.

## JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742.

■ Factual findings made by the district court are reviewed for clear error. *United States v. Wilson,* 900 F.2d 1350, 1355 (9th Cir.1990). "We review the district court's interpretation of the Sentencing Guidelines de novo." *United States v. Caterino,* 957 F.2d 681, 683 (9th Cir.1992).

## DISCUSSION

■ This case presents a single straightforward issue: If a person who is under a deportation order from which he has appealed voluntarily leaves the United States, has he been deported? We answer this question "yes" based on statutes, regulations, and case authority.

Turning first to the statutes, we find 8 U.S.C. § 1101(g) which provides as follows, in pertinent part: "[A]ny alien ordered deported ... who has left the United States,

shall be considered to have been deported in pursuance of law...." *See Mrvica v. Esperdy,* 376 U.S. 560, 563–64, 84 S.Ct. 833, 836, 11 L.Ed.2d 911 (1964); *Thorsteinsson v. INS,* 724 F.2d 1365, 1367 (9th Cir.), *cert. denied,* 467 U.S. 1205, 104 S.Ct. 2386, 81 L.Ed.2d 345 (1984). Furthermore, the order of deportation itself "shall not be reviewed by any court if the alien ... has departed from the United States after the issuance of the order." 8 U.S.C. § 1105a(c). *See Contreras–Aragon v. INS,* 852 F.2d 1088, 1091 n. 1 (9th Cir.1988) (en banc). These statutes indicate that Blaize has been deported and that the deportation is final.

Second, we turn to the regulations. While it is undoubtedly true that the appeal to the BIA from an order of deportation stays the execution of that order, 8 C.F.R. § 3.6(a), that is of no real help to Blaize. The regulations also explicitly provide that:

> Departure from the United States of a person who is the subject to deportation proceedings subsequent to the taking of an appeal but prior to a decision thereon shall constitute a withdrawal of the appeal, and the initial decision in the case shall be final to the same extent as though no appeal had been taken.

8 C.F.R. § 3.4.

■ Given the fact that Blaize did depart from the United States, his appeal was withdrawn and the stay of the execution order dissolved. Therefore, to the extent that the deportation was affected by the filing of the appeal, that effect ended when Blaize left this country. We are aware of *In re Keyte,* BIA Interim Dec. No. 3128 (1990), but it is not to the contrary. *Keyte* dealt with aliens who had been stopped at the border, and, as the BIA said, section 3.4 "applies only to a person 'who is ... subject to deportation proceedings.'" *Id.* at 2.

Finally, the Fifth Circuit addressed the deportation issue almost twenty years ago. *Aleman–Fiero v. INS,* 481 F.2d 601 (5th Cir.1973). There, as here, an alien who had been ordered deported immediately appealed, but then voluntarily left this country for a visit elsewhere. The BIA deemed the appeal withdrawn and refused to proceed with it. The court said:

> The effect of the regulation was automatically to impute an intent to withdraw the appeal to one who has left the country under such burden. Since the Attorney General has wide discretion in effectuating the Immigration and Nationality Act ... we cannot say that such inference was unreasonable when the departure was, as here, strictly voluntary. And the regulation which had the effect of terminating the administrative proceedings finds ample congressional warrant in the parallel provision of Sec. 106(c), 8 U.S.C.A. Sec. 1105a(c)....

*Id.* at 602 (citations omitted). We agree.

All of the above being so, Blaize was deported before he committed his offense in May of 1991.

## CONCLUSION

An alien against whom a deportation order has been issued cannot afford to become an international traveller if he hopes to maintain his status in this country. Here the peripatetic Blaize ran afoul of that truth and became a deported person. When he committed the offense of using a false passport in an attempt to reenter undetected, he became subject to prosecution and, upon sentencing, to a two-level increase in his Guideline score. U.S.S.G. § 2L2.4(b)(1). Thus, the district court did not err.

AFFIRMED.