977 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony R. FORD, Defendant-Appellant.
 No. 92-10097.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 27, 1992.*
Decided Oct. 8, 1992.
 
 Before CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Anthony Ford is challenging his classification by the district court as a career offender under the United States Sentencing Guidelines. Mr. Ford claims that the two convictions used to classify him as a career offender in the sentencing phase of the present armed robbery conviction should be considered related, and therefore do not support career offender status.
 
 
 3
 We affirm the district court's classification.
 
 I.
 FACTS AND PROCEEDINGS BELOW
 
 4
 Appellant Anthony Ford entered a guilty plea to one count of armed bank robbery pursuant to a written plea agreement. In the Presentencing Report, the probation officer concluded that the appellant's two 1981 convictions for robbery with the use of a firearm qualified Mr. Ford for career offender status under the United States Sentencing Guidelines. Appellant challenged this classification with two motions filed with the district court.
 
 
 5
 In the sentencing hearing, the district court found that the appellant was a career offender under the Sentencing Guidelines, denied the appellant's motions, and sentenced the appellant to 210 months of imprisonment, to be followed by five years of supervised release. The appellant timely filed a notice of appeal.
 
 
 6
 Appellant's classification as a career offender turns on his two 1981 convictions for armed robbery. On May 20, 1981, he was convicted of four counts of robbery with the use of a firearm and one count of assault with a deadly weapon in Contra Costa County. This conviction was the result of Mr. Ford's arrest on February 10, 1981 and was based on a six count Information filed on March 17, 1981 in the Contra Costa County Superior Court. The appellant was sentenced to nine years and eight months in state prison.
 
 
 7
 While the appellant was serving this sentence, he was returned to Alameda County to face charges pending there. On July 21, 1981, the defendant pleaded no contest to one count of robbery with the use of a firearm and was sentenced to five years imprisonment, to run concurrently with the sentence he was serving under the Contra Costa County conviction. Appellant was arrested for the Alameda County offense on January 11, 1981, and a two count Information was filed in Alameda County Court on March 2, 1981.
 
 II.
 JURISDICTION AND STANDARDS OF REVIEW
 
 8
 The district court's jurisdiction was based on 18 U.S.C. § 3231. This court has jurisdiction to review the sentence imposed pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. Appellant timely filed his notice of appeal.
 
 
 9
 The district court's interpretation of the Sentencing Guidelines is reviewed de novo. United States v. Blaize, 959 F.2d 850, 851 (9th Cir.), cert. denied, 112 S.Ct. 2954 (1992). Application of the Sentencing Guidelines is also given de novo review. United States v. Lawrence, 916 F.2d 553, 554 (9th Cir.1990). Any findings of fact underlying the sentencing are reviewed for clear error. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992).
 
 III.
 DISCUSSION
 A. The Issue on Appeal
 
 10
 The basic dispute here concerns the appellant's classification as a career offender under section 4B1.1 of the Sentencing Guidelines. The appellant argues that the two prior convictions used by the state to qualify him as a career offender are related and therefore do not support such a classification. If the appellant was not classified as a career offender, his maximum sentence would be 137 months compared to the 210 months he is presently serving. The district court found that the two 1981 convictions were unrelated, and thus a sound basis existed for establishing the appellant's status as a career offender.
 
 
 11
 The Sentencing Guideline at issue here, Section 4B1.1, Career Offender, states
 
 
 12
 "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."
 
 
 13
 Appellant only disputes the third element. He contends that his two 1981 convictions for armed robbery, while crimes of violence, are related, and therefore should not be counted as two separate felonies under Section 4B1.1.
 
 
 14
 Section 4A1.2(a) of the Sentencing Guidelines states that sentences in related cases should not be counted separately,
 
 
 15
 "Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences in related cases are to be treated as one sentence for purposes of criminal history."
 
 
 16
 Application Note 3 to Sentencing Guideline Section 4A1.2 gives three alternative definitions of related cases,
 
 
 17
 "Cases are considered related if they (1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing."
 
 B. Cases not Related
 
 18
 Appellant contends that the two 1981 robbery convictions qualify as related either under the second prong, part of a common scheme or under plan, or the third prong, effectively consolidated sentencings.
 
 1. Common Scheme or Plan
 
 19
 Appellant's first argument is that the two 1981 robberies were part of a common scheme or plan. United States v. Chapnick, 963 F.2d at 226 (9th Cir.1992), reiterated four factors that should be considered when determining whether there was such a scheme: (1) whether the crimes were committed within a short period of time, (2) whether the crimes involved the same victim, (3) whether the defendant was arrested by the same law enforcement agency for both crimes, and (4) when the arrests occurred and whether both crimes were solved during the course of one investigation. The similarity in the crimes is also to be examined. Id.
 
 
 20
 The facts of this case do not show a common plan even though the crimes were committed within four weeks of each other. Admittedly this is within the span of time other courts have considered within a short period of time. See United States v. Houser, 929 F.2d 1369 (9th Cir.1990) (drug sales to the same government agent separated by six weeks held related). But this fact alone does not establish a satisfactory link between the crimes so that they could be considered related. In Chapnick, the two crimes occurred within two weeks of each other, but this was not enough to classify them as related. 963 F.2d at 227. Furthermore, the crimes did not involve the same victim.
 
 
 21
 Nor does the record support the appellant's contentions that he was arrested for both crimes by the same law enforcement agency or that his arrest was the product of a single investigation. The facts in the record only indicate that the appellant was returned to be charged with the offenses in Alameda County after the appellant was serving time for his offense in Contra Costa County. The Presentencing Report gives the date of arrest for the Contra Costa County crime as February 10, 1981 and January 11, 1981 for the Alameda County arrest.
 
 
 22
 Similarly, the record contains no information on the similarity of the offenses. Both crimes were armed robberies, but the particular circumstances of the robberies were not discussed. Even if the circumstances were known, United States v. Davis, 922 F.2d 1385, 1391 (9th Cir.1991), held that a common modus operandi alone is not enough to establish that the cases are related.
 
 
 23
 The appellant also claims that the robberies were related because he committed both to support himself. A motive, however, is not the equivalent of a common scheme or plan. The claim that the two 1981 robberies were the product of a single common scheme or plan is not persuasive.
 
 2. Consolidation
 
 24
 The appellant's other argument is that the sentencing was effectively consolidated when the Alameda County court imposed a five year sentence to run concurrently with the nine year sentence of the Contra Costa County court. The Davis case gives some guidance in determining when cases have been consolidated for sentencing. In that case consolidated sentencing was not found where the defendant had been sentenced (1) on the same day (2) in separate courts (3) for two separate offenses (4) pursuant to a single plea agreement (5) where the cases did not share a single docket number and (6) concurrent sentences were imposed. Davis, 922 F.2d at 1390-91; see Chapnick, 963 F.2d at 228 (analyzing Davis ).
 
 
 25
 The two sentences in Davis were more closely linked for sentencing than the two sentences in this case. Here, the sentences were imposed by different courts. The Contra Costa County Superior Court imposed the nine year, eight month sentence, while the Alameda County Superior Court imposed the five year sentence. The sentences were also imposed at different times. The Contra Costa County Superior Court imposed its sentence on June 24, 1991, and the Alameda County Superior Court imposed its sentence on July 21, 1981. The appellant was tried on different charging instruments. As stated above, the sentences he did receive were for different periods of time. There was no single plea agreement in this case. The only fact weighing in the appellant's favor is that the second sentence was to run concurrently with the first. Davis stated that this fact alone is not dispositive. 922 F.2d at 1390. Appellant's cases were not effectively consolidated for sentencing.
 
 
 26
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3