988 F.2d 122
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gilbert Frank ARTEAGA, Defendant-Appellant.
 No. 91-50803.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 8, 1993.
Decided March 3, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CR-91-0478-RG-01, Richard A. Gadbois, Jr., District Judge, Presiding.
 C.D.Cal.
 VACATED AND REMANDED.
 
 
 1
 Before CANBY and WILLIAM A. NORRIS, Circuit Judges, and TANNER, District Judge*
 
 
 2
 MEMORANDUM**
 
 
 3
 Gilbert Frank Arteaga pleaded guilty to one count of unarmed bank robbery. The district court sentenced him as a career offender based on a 1971 robbery conviction and a 1984 burglary conviction. It is the inclusion of the 1971 conviction that is at the heart of Arteaga's appeal.
 
 
 4
 * Arteaga first argues that the 1971 state robbery conviction should not have been included in his criminal history calculation because it was not constitutionally obtained. Specifically, Arteaga contends that the 1971 conviction, which resulted from a guilty plea, was obtained in violation of his Boykin rights. See Boykin v. Alabama, 395 U.S. 238 (1969).
 
 
 5
 Once the government established that there was a conviction in the 1971 case, the burden of establishing the unconstitutionality of that prior conviction shifted to Arteaga. United States v. Newman, 912 F.2d 1119, 1122 (9th Cir.1990); cf. Parke v. Raley, 61 U.S.L.W. 4007, 4010 (U.S. Dec. 1, 1992) (noting "presumption of regularity" as to final judgments when judgments subject to collateral attack). Here, Arteaga failed to carry that burden. It is true that the record currently available of the 1971 appeal is silent on whether Arteaga waived his Boykin rights. However, this is hardly surprising in light of the fact that the only record now available consists of an abstract of judgment which does not include a transcript of the hearing. Arteaga's failure to recall waiving Boykin rights combined with a silent, but incomplete record does not suffice to meet his burden of proving the unconstitutionality of the prior conviction, especially in light of the government's evidence that the judge who presided over the 1971 case regularly advised defendants of their Boykin rights. Thus, the district court did not err in including the 1971 conviction in Arteaga's criminal history.
 
 II
 
 6
 Arteaga alternatively claims that his categorization as a career offender overrepresented the seriousness of his criminal history. Arteaga says that the district court had the discretion to depart downward because of two factors: (1) he was only 17 at the time of the 1971 conviction which constituted a career offender predicate act; and (2) that conviction fell within the 15-year period considered as part of his criminal history by only three weeks. He says that the district court denied his departure request because it did not apprehend its own authority to depart downward.
 
 
 7
 We review the district court's interpretation of the Guidelines de novo. United States v. Blaize, 959 F.2d 850, 851 (9th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 2954 (1992).
 
 
 8
 A district court can depart downward when it finds that the Guidelines range significantly overrepresents the seriousness of the defendant's criminal history because one of the predicate offenses for career offender classification occurred when the defendant was 17. United States v. Brown, No. 92-50247 (9th Cir. filed February 3, 1993).[1] Since Arteaga was 17 at the time of the 1971 predicate offense, the district court had the discretion to depart downward. However, the district court did not have the discretion to depart downward on the ground that the 1971 conviction fell within the 15-year time period considered for criminal history by only three weeks.
 
 
 9
 It is unclear whether the district court understood its own authority to depart downward on the basis of Arteaga's youthful age at the time of the conviction used as a career offender predicate offense. The district court explained its denial in ambiguous terms: "There just isn't any basis for a downward departure. Don't ask me if I like the guidelines. I don't, okay? I'm on record about that, as are most of the Judges in this entire country. But I took an oath to uphold the law, and I didn't make the law. The fact that I don't like it doesn't make any difference." This language suggests that the district court may have thought that the Guidelines did not allow a downward departure. This ambiguity regarding whether the district court realized its discretion to depart downward must be resolved in favor of the individual whose freedom is at stake. See United States v. Morales, 898 F.2d 99, 102 n. 2 (9th Cir.1990) ("where the record is not sufficiently clear [as to whether district court realized its discretion to depart], it may be necessary to remand for clarification"); United States v. Rogers, 972 F.2d 489, 495 (2d Cir.1992) (vacating sentence when record was "ambiguous" as to whether the district court understood its authority to depart downward). Because of the possibility that a remand may prevent an unnecessarily harsh punishment, we VACATE the sentence and REMAND for resentencing.
 
 
 
 *
 The Honorable Jack E. Tanner, Senior United States District Judge, Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Brown has clarified this circuit's law in this regard. Brown was, of course, not available to the district court at the time of sentencing