990 F.2d 1263
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hipolito MILAN-CONTRERAS, Defendant-Appellant.
 Nos. 92-30273, 92-30279.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 6, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hipolito Milan-Contreras appeals his sentence imposed following revocation of his supervised release and entry of a guilty plea to illegal reentry after deportation in violation of 8 U.S.C. § 1326. In a consolidated sentencing hearing, the district court sentenced Milan-Contreras to consecutive terms of 24 months' imprisonment for violation of his supervised release and 27 months' imprisonment for the illegal reentry. This sentence was ordered to run consecutive to a 12-month sentence imposed for a state drug offense which was also a basis for the revocation of the supervised release. Milan-Contreras contends that the Sentencing Guidelines required the district court to impose concurrent sentences for the revocation of supervised release and substantive offenses and that the district court could only impose a consecutive sentence if it followed the departure procedures. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review de novo the legality of a sentence, United States v. Hahn, 960 F.2d 903, 907 (9th Cir.1992), and the district court's interpretation of the Guidelines, United States v. Blaize, 959 F.2d 850, 851 (9th Cir.), cert. denied, 112 S.Ct. 2954 (1992).
 
 
 4
 Revocation of supervised release is "deferred punishment" for a previously imposed sentence and is distinct from the prosecution for the offense underlying the revocation. United States v. Clark, No. 92-50073, slip op. 521, 526 (9th Cir. Jan. 22, 1993). The Guidelines provide for consecutive sentences where the defendant's supervised release is revoked and he is charged for the conduct underlying the revocation. See U.S.S.G. Ch. 7, Pt. B, introd. comment. Although U.S.S.G. § 7B1.3(f) refers to consecutive terms where the revocation of the supervised release and sentencing for the underlying conduct occur in separate proceedings, we interpret the Guidelines to provide for consecutive terms in a consolidated proceeding as well. See U.S.S.G. § 7B1.3(f); U.S.S.G. § 7B1.3, comment. (n. 5); U.S.S.G. Ch. 7, Pt. B, introd. comment.
 
 
 5
 Here, Milan-Contreras was convicted in 1990 for illegal reentry after deportation and sentenced to 10 month's imprisonment and 2 years' supervised release. After serving the period of imprisonment, Milan-Contreras was deported to Mexico. In 1991, Milan-Contreras was arrested in Oregon for selling cocaine. On April 11, 1991, an Oregon state court sentenced him to two concurrent terms of 12 month's imprisonment for this conduct. On December 12, 1991, state authorities placed him on two years' post-prison supervision and released Milan-Contreras to a United States Marshal's detainer. Before the district court, Milan-Contreras admitted to violating the terms of his supervised release for his 1990 offense and pleaded guilty to a new illegal reentry charge. Both cases were consolidated for sentencing pursuant to his request and on June 29, 1992, the district court consecutively sentenced Milan-Contreras to 24 months' imprisonment for revocation of his supervised release and 27 months' imprisonment for the illegal reentry after deportation. This sentence was ordered to run consecutive to Milan-Contreras' completed Oregon state sentence.
 
 
 6
 Both the sale of cocaine and the illegal reentry after deportation provided a basis for the revocation of Milan-Contreras' supervised release. Because the Guidelines provide that a term of imprisonment imposed for revocation of supervised release is to run consecutively to a term of imprisonment imposed for conviction of the offense underlying the revocation, the district court properly sentenced Milan-Contreras to consecutive terms. See U.S.S.G. § 7B1.3(f); U.S.S.G. § 7B1.3, comment. (n. 5); U.S.S.G. Ch. 7, Pt. B, introd. comment.; Clark, No. 92-50073, slip op. at 526. Revocation of Milan-Contreras' supervised release was deferred punishment for a 1990 conviction and, therefore, separate from his state conviction for the sale of cocaine and the federal conviction for illegal reentry. See Clark, No. 92-50073, slip op. at 526. Further, we discern no basis for the district court to have granted Milan-Contreras credit against his federal sentence for time served on the completed Oregon state imprisonment which had been credited against the state sentence. See 18 U.S.C. § 3583(b).
 
 
 7
 We do not address Milan-Contreras' claim that the district court failed to follow the departure procedures in light of our holding that the Guidelines provide for consecutive sentencing in this case.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Milan-Contreras' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3