995 F.2d 234
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus Antonio RAMIREZ-RUIZ, Defendant-Appellant.
 No. 92-30215.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 9, 1993.*
Decided June 11, 1993.
 
 Before: WRIGHT, FARRIS and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jesus Antonio Ramirez-Ruiz appeals his jury conviction and sentence for possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), and possession of a firearm during and in relation to a drug trafficking offense, 18 U.S.C. § 924(c). We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 BACKGROUND
 
 3
 Ramirez was riding as a passenger in a car driven by his brother, Jose Ramirez-Ruiz, when they were stopped by state troopers. The police found a loaded semi-automatic under Ramirez's seat and 189.7 grams of cocaine tucked under his floor mat. They arrested both men.
 
 SUFFICIENCY OF THE EVIDENCE
 
 4
 Ramirez argues that the evidence was insufficient to support his convictions. On appeal, we must view the evidence in the light most favorable to the government to decide whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction. United States v. Reyes-Alvarado, 963 F.2d 1184, 1188 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992).
 
 
 5
 The evidence proved that Ramirez was sitting on top of the loaded semi-automatic with 189.7 grams of cocaine at his feet. His brother testified that Ramirez was helping him deliver the cocaine. The amount of cocaine seized is consistent with distribution rather than personal consumption. Ramirez possessed the semi-automatic for purposes of § 924(c)(1). He clearly "had the opportunity or ability to display or discharge the weapon to protect himself or intimidate others." United States v. Stewart, 779 F.2d 538, 540 (9th Cir.1985), cert. denied, 484 U.S. 867 (1987).
 
 
 6
 We hold that based on this evidence, a rational trier of fact could find Ramirez guilty beyond a reasonable doubt of possession with intent to distribute cocaine and carrying a firearm.
 
 RELEVANT CONDUCT
 
 7
 Ramirez contends that the district court erred by considering quantities of cocaine not involved in the counts of conviction in determining his base offense level. His argument is meritless. We review de novo a district court's application of the Sentencing Guidelines. United States v. Blaize, 959 F.2d 850, 851 (9th Cir.), cert. denied, 112 S.Ct. 2954 (1992). We review for clear error the district court's factual findings in the sentencing phase. United States v. Hahn, 960 F.2d 903, 907 (9th Cir.1992).
 
 
 8
 Under the U.S.S.G. § 1B1.3(a)(2), a sentencing court shall consider drug quantities not specified in the count of convictions to determine the base offense level if the drugs are part of a common scheme. See U.S.S.G. § 1B1.3(a)(2), comment. (n. 1); United States v. Turner, 898 F.2d 705, 710-11 (9th Cir.), cert. denied, 495 U.S. 962 (1990).
 
 
 9
 Adopting the presentence report's calculations, the court enhanced Ramirez's offense level based on 3.28 kilograms of cocaine. This amount is derived from two sources: (1) the 189.7 grams he had when arrested and (2) the estimated 3,090.15 grams which he distributed with his brother during the seven months before his arrest.
 
 
 10
 The police linked Ramirez to numerous drug sales in which he assisted his brother. The information was gleaned from investigative reports, interviews with the defendant, his brother and government witnesses.
 
 
 11
 The court appropriately applied the Guidelines' relevant conduct section to Ramirez's prior drug trafficking jointly undertaken with his brother. It properly included the additional cocaine as part of the same course of conduct when it calculated Ramirez's offense level.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3