15 F.3d 1094
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellant,
v.
Eduardo SUAREZ, Defendant-Appellee.
 No. 92-10674.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1993.*
Decided Jan. 10, 1994.
 
 Before: SKOPIL, THOMPSON, and RYMER, Circuit Judges
 MEMORANDUM**
 The United States appeals the district court's calculation of Eduardo Suarez's sentence following his conviction for knowingly discharging a pollutant into the waters of the United States without a permit, in violation of the Clean Water Act, 33 U.S.C. Secs. 1311(a), 1319(c)(2)(A). The district court declined to increase Suarez's offense level by six levels pursuant to U.S.S.G. Sec. 2Q1.3(b)(1)(A), which applies to the "ongoing, continuous, or repetitive discharge, release, or omission of a pollutant into the environment." Because the undisputed facts demonstrate that Suarez placed fill into the wetlands located on his property, we conclude that the district court was required to apply either Sec. 2Q1.3(b)(1)(A) or its companion Guideline, Sec. 2Q1.3(b)(1)(B), which calls for a four-level increase if the offense involves only a single "discharge, release, or omission of a pollutant." Accordingly, we vacate the sentence and remand for resentencing.
 * We review de novo the district court's interpretation of the Sentencing Guidelines. United States v. Blaize, 959 F.2d 850, 851 (9th Cir.), cert. denied, 112 S.Ct. 2954 (1992). We also review de novo the district court's application of the Guidelines. United States v. Fagan, 996 F.2d 1009, 1017 (9th Cir.1993). We review for clear error the district court's factual findings in connection with sentencing. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992).
 II
 Under U.S.S.G. Sec. 2Q1.3(a), the base offense level for Suarez's crime is six. Pursuant to Sec. 2Q1.3(b)(4), the district court increased Suarez's offense level by four, since his offense involved a discharge without a permit.
 The district court declined to increase Suarez's offense level for continuing or repetitive discharge pursuant to Sec. 2Q1.3(b)(1)(A). We need not address the government's argument that the evidence mandates a six-level increase under that Guideline. The district court failed to apply alternative Sec. 2Q1.3(b)(1)(B), which provides for a four-level increase "if the offense otherwise involved a discharge, release, or emission." Either subsection (A) or subsection (B) always applies to violations that involve a discharge, release, or emission of a pollutant. As it is undisputed that Suarez's offense involved a discharge of a pollutant into the environment, the remaining question is whether that discharge was ongoing, continuous, or repetitive; an affirmative answer mandates a six-level increase, otherwise a four-level increase is required.[1]
 We vacate and remand for resentencing to allow the district court to apply either subsection (A) or subsection (B), or to depart from the Sentencing Guidelines.
 VACATED AND REMANDED.
 
 RYMER, Circuit Judge, concurring:
 
 1
 I concur in the judgment, but believe the district court was required to apply the six-level increase specified in U.S.S.G. Sec. 2Q1.3(b)(1)(A). The majority accepts Suarez's argument that the evidence may show that his placing fill into the wetlands was neither ongoing, continuous, nor repetitive. I respectfully disagree. Even if Suarez was moving landfill from place to place, the district court should have given the six-level increase in accordance with Sec. 2Q1.3(b)(1)(A): Each time Suarez placed landfill in the wetland, he repeated the act of placing a pollutant into the environment. As "repetitive" is commonly understood, it describes something that is done again. See Merriam-Webster's Collegiate Dictionary 992 (10th ed. 1993) (defining "repetitive" as "containing repetition," which in turn is "the act or an instance of repeating or being repeated"). Filling the wetlands three different times fits the definition. The record simply doesn't support a finding that Suarez polluted the wetland on a single occasion, thereby triggering only the four-level increase called for in Sec. 2Q1.3(b)(1)(B).
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The probation officer believes Application Note 5 to Sec. 2Q1.3, which states that an increase in the base offense level "applies to offenses where the public health is seriously endangered," refers to Sec. 2Q1.3(b)(1)(B), which calls for a four-level departure "if the offense otherwise involved a discharge, release, or emission of a pollutant." Based on this understanding of the relationship between Application Note 5 and Sec. 2Q1.3(b)(1)(B), the probation officer reasoned that it did "not appear reasonable" to apply a four-level increase "where the public health is seriously endangered," but to apply a six level increase in Suarez's case, where there was no evidence of danger to the public health. This reading is incorrect, however; Application Note 5 does not refer to Sec. 2Q1.3(b)(1)(B), out rather to Sec. 2Q1.3(b)(2), which calls for an eleven-level increase "[i]f the offense resulted in a substantial likelihood of death or serious bodily injury."