15 F.3d 1093
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Wesley LINDER, Defendant-Appellant.
 No. 93-10100.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 10, 1994.*
Decided Jan. 12, 1994.
 
 1
 Before: ALDISERT,** WIGGINS, and BRUNETTI, Circuit Judges
 
 
 2
 MEMORANDUM***
 
 
 3
 Donald Wesley Linder appeals his sentence under the Sentencing Guidelines imposed after he pled guilty to aiding and abetting in the establishment of a drug manufacturing operation in violation of 21 U.S.C. Sec. 856 and 18 U.S.C. Sec. 2. Linder claims that the district court erred in refusing to adjust his offense level downward for his role in the offense pursuant to U.S.S.G. Sec. 3B1.2. We affirm.
 
 I.
 
 4
 Law enforcement agents had reason to believe methamphetamine was being manufactured at a private residence in Carmichael, California. Agents were surveilling the residence at approximately 11:30 p.m., when Linder entered and moved about the darkened house without turning on any lights. As agents walked toward the residence, Linder left the front door area on a bicycle. When the agents identified themselves and ordered Linder to stop, Linder dropped a container filled with approximately 2.5 gallons of hydriodic acid[1] and fled.
 
 
 5
 Linder was later apprehended and charged, along with three co-defendants, with conspiring to manufacture methamphetamine, attempting to manufacture methamphetamine, and possessing a listed chemical. 21 U.S.C. Secs. 841(a)(1), 841(d)(2), 846. Following plea negotiations, Linder pled guilty to a one-count superseding information charging him with aiding and abetting the maintenance of a place for the purpose of manufacturing methamphetamine in violation of 21 U.S.C. Sec. 856 and 18 U.S.C. Sec. 2. The district court determined that Linder's offense level was sixteen and his criminal history category was five. It sentenced him to forty-one months imprisonment, the bottom of the relevant Guideline range.
 
 II.
 
 6
 We review the district court's interpretation of the Sentencing Guidelines de novo. United States v. Blaize, 959 F.2d 850, 851 (9th Cir.), cert. denied, 112 S.Ct. 2954 (1992). We review the district court's finding that the defendant was neither a minor nor minimal participant for clear error. United States v. Peters, 962 F.2d 1410, 1414 (9th Cir.1992).
 
 
 7
 Linder claims that the district court violated the Ex Post Facto Clause of the Constitution because it applied the 1992 version of the Sentencing Guidelines in addressing his request for a mitigating role adjustment. In fact, the district court found that Linder would not be entitled to a mitigating role reduction regardless of whether it applied the 1991 version or looked to the 1992 version to inform its decision. We agree with the district court's finding, and therefore need not reach the ex post facto issue.
 
 
 8
 Linder concedes that he is ineligible for a reduction under Sec. 3B1.2 if the 1992 amendments apply. We therefore address only his eligibility for the reduction under the 1991 Guidelines. The introductory statement to Chapter 3, Part B of the 1991 Guidelines, addressing role in the offense adjustments, states:
 
 
 9
 where the defendant has received mitigation by virtue of being convicted of an offense significantly less serious than his actual criminal conduct, ... a further reduction in the offense level under Sec. 3B1.2 (Mitigating Role) ordinarily is not warranted because the defendant is not substantially less culpable than a defendant whose only conduct involved the less serious offense.
 
 
 10
 Sentencing Guidelines Sec. 3B1.1 Introductory Comment (1991). The district court found by a preponderance of the evidence that Linder was a co-conspirator in a conspiracy to manufacture methamphetamine. Because the crime to which Linder pled guilty is significantly less serious than conspiracy to manufacture methamphetamine, the district court concluded that he was not entitled to a reduction for playing a minimal or minor role in the offense.
 
 
 11
 There is sufficient evidence to support the district court's finding that Linder was a co-conspirator.
 
 
 12
 The essential elements of a conspiracy are (1) an agreement to accomplish an illegal objective; (2) the commission of an overt act in furtherance of the conspiracy; and (3) the requisite intent necessary to commit the underlying offense. An agreement may be inferred from the defendant's acts, or from other circumstantial evidence, and a defendant's proximity to the scene of illicit activity may support an inference when viewed in context with other evidence. Once the existence of a conspiracy is shown, the government need only prove a slight connection between the defendant and the conspiracy. A defendant's knowledge of and participation in a conspiracy may be inferred from circumstantial evidence and from evidence of the codefendants' actions.
 
 
 13
 United States v. Taren-Palma, 997 F.2d 525, 536 (9th Cir.1993) (citing, inter alia, United States v. Thomas, 887 F.2d 1341, 1347-48 (9th Cir.1989)). Linder concedes that a conspiracy existed, but contends that the evidence was insufficient to prove that he was a member. The district court noted that Linder was found at the site of the lab, entered the house surreptitiously, left with a substantial quantity of a precursor chemical, fled from police, and made false exculpatory statements. There was evidence that Linder had been in the house on prior occasions. Moreover, another conspirator removed laboratory equipment and chemicals from the site on the same evening.
 
 
 14
 Linder complains the district court erred by inferring that he was seeking to keep the manufacturing operation alive when he removed a precursor chemical. He argues that this inference is inconsistent with the original indictment, which described a conspiracy ending on April 30, 1992. The charged conspiracy ended on April 30 only because all but one of its members were arrested on that date. Linder's intent to continue the operation is probative of his participation in the conspiracy.
 
 
 15
 To support his argument that the evidence was insufficient, Linder compares his case to other cases in which this court overturned conspiracy convictions. See United States v. Sanchez-Mata, 925 F.2d 1166, 1168 (9th Cir.1991); United States v. Penagos, 823 F.2d 346 (9th Cir.1987); United States v. Lopez, 625 F.2d 889 (9th Cir.1980). As a preliminary matter, we note that in each of these cases, the government was required to prove beyond a reasonable doubt that the defendant was a member of the conspiracy. In the present case, it is Linder's burden to prove by a preponderance of the evidence that he is entitled to the mitigating role reduction. United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990). Linder's conduct in removing a precursor chemical and fleeing police is more culpable than the conduct of the defendants in the cases he cites, and supports a finding that he had at least a "slight connection" with the conspiracy.
 
 
 16
 We cannot say that the district court clearly erred in concluding that Linder was a co-conspirator, and was therefore not entitled to a mitigating role reduction for his conviction of a significantly less serious offense. We decline to address the district court's alternative grounds for concluding that Linder was not entitled to the reduction.
 
 
 17
 Linder's argument that the district court improperly applied the obstruction guideline without giving him prior notice is nonsense. The district court did not apply section 3C1.1. It is neither surprising nor relevant that findings the court made in deciding Linder was not entitled to a mitigating role reduction could also support an increase for obstructing justice.
 
 
 18
 Linder's double counting argument is similarly flawed. He contends that the district court was not entitled to rely on his false exculpatory statements to deny reductions for both acceptance of responsibility and mitigating role. In response to an analogous argument concerning sentence enhancements, this court has noted that "[u]nless the conduct punished by one guideline is akin to a 'lesser included offense' of another guideline, considering the same act in applying two guidelines isn't double counting." United States v. Snider, 976 F.2d 1249, 1252 (9th Cir.1992). Linder's false exculpatory statement is direct evidence that he did not accept responsibility, and circumstantial evidence that he was a co-conspirator. The district court did not err in relying on it to deny both reductions.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 Honorable Ruggero J. Aldisert, United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 Hydriotic acid is a precursor chemical used in the manufacture of methamphetamine. See 21 U.S.C. Sec. 802(34)