42 F.3d 1404
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rohitesh PRASAD, Defendant-Appellant.
 No. 94-30149.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 18, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rohitesh Prasad appeals his sentence after pleading guilty to one count of conspiracy to distribute five kilograms or more of a mixture and substance containing cocaine in violation of 21 U.S.C. Sec. 846; two counts of structuring a financial transaction in violation of 21 U.S.C. Secs. 5322, 5342(e); and seven counts of money laundering in violation of 18 U.S.C. Sec. 1956(a)(1)(B)(ii). He contends resentencing is required because the district court: (1) failed to order that his sentence run concurrently with a sentence previously imposed by the Central District of California as required by U.S.S.G. Sec. 5G1.3(b); and (2) failed to consider whether a concurrent sentence would have constituted a "reasonable incremental penalty" as required by U.S.S.G. Sec. 5G1.3(c). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo the district court's interpretation and application of the sentencing guidelines, United States v. Blaize, 959 F.2d 850, 851 (9th Cir.), cert. denied, 112 S.Ct. 2954 (1992), and we vacate and remand.
 
 
 3
 On November 23, 1993, in the Western District of Washington, Prasad pleaded guilty to the instant offenses for which his guidelines range was calculated at 121 to 151 months. The government moved under U.S.S.G. Sec. 5K1.1 for a downward departure based upon substantial assistance. Both the government and the presentence report recommended a 48-month sentence consecutive to a sentence previously imposed by the Central District of California.[1] In his sentencing memorandum, Prasad requested that he be sentenced concurrently with the California sentence, but if not concurrently, then to a consecutive sentence of less than 48 months. On April 29, 1994, the district court adopted the sentencing recommendations of the presentence report.
 
 A. U.S.S.G. Sec. 5G1.3(b)
 
 4
 Prasad contends he should have been sentenced to a concurrent sentence under U.S.S.G. Sec. 5G1.3(b). This contention lacks merit. U.S.S.G. Sec. 5G1.3 "provides direction to the court when a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment." See U.S.S.G. Sec. 5G1.3, comment. (background). Under section 5G1.3(b), a sentence shall be ordered to run concurrently to an undischarged term of imprisonment when "the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense." Prasad's undischarged term of imprisonment was calculated in the determination of his criminal history category, not in the determination of his offense level. Consequently, we reject Prasad's argument that Section 5G1.3(b) requires concurrent sentencing in this case.
 
 B. U.S.S.G. Sec. 5G1.3(c)
 
 5
 Prasad contends the district court erred when it failed to consider whether a concurrent sentence would have constituted a "reasonable incremental penalty" under U.S.S.G. Sec. 5G1.3(c). We agree.
 
 
 6
 Section 5G1.3(c) is "intended to result in an appropriate incremental punishment for the instant offense that most nearly approximates the sentence that would have been imposed had all the sentences been imposed at the same time." See U.S.S.G. Sec. 5G1.3, comment. (background).
 
 
 7
 Under section 5G1.3(c), a district court may order a concurrent or a consecutive term of imprisonment. See U.S.S.G. Sec. 5G1.3, comment. (n.3). However, before doing so, the court "must attempt to calculate the reasonable incremental punishment that would be imposed under the commentary methodology." United States v. Redman, No. 93-30437, slip op. 10927, 10937 (9th Cir. Sept. 12, 1994). Although the district court may ultimately reject the commentary methodology, the district court must "state its reasons for abandoning the commentary methodology in such a way as to allow us to see that it has considered the methodology." Id. ; see also United States v. Conkins, 9 F.3d 1377, 1385 (9th Cir.1993).
 
 
 8
 In order to determine an appropriate incremental punishment for the instant offenses, the district court, under the commentary methodology, should: (1) estimate the total punishment which would have been imposed under U.S.S.G. Sec. 5G1.2 (Sentencing on Multiple Counts of Conviction) had all the sentences been imposed at the same time; (2) calculate a reasonable incremental penalty for the instant offenses which, when combined with the undischarged term of imprisonment, most nearly approximates the total punishment which would have been imposed had all the sentences been imposed at the same time; and (3) decide whether a concurrent sentence would be sufficient to "achieve an appropriate total punishment" or if a consecutive sentence is "necessary to fashion a sentence resulting in a reasonable incremental punishment for the multiple offenses." See U.S.S.G. Sec. 5G1.3, comment. (n. 3 & illustrations); see also Redman, slip op. at 10932-33.
 
 
 9
 Because there is no indication in the record that the district court ever considered the commentary methodology, we vacate Prasad's sentence and remand for resentencing.
 
 
 10
 Upon remand, the district court should follow the methodology of 5G1.3(c) as outlined by Redman and Conkins.[2] After determining the reasonable incremental penalty for the Western District of Washington convictions, the district court should consider whether that penalty should be further reduced to reflect Prasad's substantial assistance to the government.
 
 
 11
 VACATED and REMANDED for further proceedings consistent with this opinion.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On June 3, 1993, the Central District of California sentenced Prasad to 168 months' imprisonment for conspiracy to commit bank robbery in violation of 18 U.S.C. Sec. 371; armed bank robbery in violation of 18 U.S.C. Secs. 2113(a), (d); and using a firearm during a crime of violence in violation of 18 U.S.C. Sec. 924(c)
 
 
 [2]
 In his reply brief on appeal, Prasad, relying on Conkins, 9 F.3d at 1385 and 18 U.S.C. Sec. 3553(c), argues that resentencing is required as the district court failed to state on the record its reasons for resentencing him to a consecutive sentence rather than a concurrent one. Even were we to consider an issue raised for the first time in a reply brief, this issue is moot given our order for resentencing