50 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Richard PENN, Defendant-Appellant.
 No. 94-50268.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 6, 1994.
Submission Withdrawn Dec. 9, 1994.
Resubmitted Feb. 28, 1995.
Decided Feb. 28, 1995.
 
 Before: SCHROEDER, FLETCHER, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Steven Richard Penn appeals the district court's imposition of a mandatory minimum sentence of five years imprisonment under 21 U.S.C. Sec. 841(b)(1)(B)(v) for distributing more than one but less than ten grams of lysergic acid diethylamide ("LSD"). He maintains that a recent amendment to the U.S. Sentencing Guidelines altered the means of calculating the weight of LSD for purposes of applying the statutory minimum sentence. We have jurisdiction and review de novo. See United States v. Blaize, 959 F.2d 850, 851 (9th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 2954 (1992). In light of our recent decision in United States v. Muschik, --- F.3d ---- (9th Cir.1995), we vacate the sentence imposed by the district court and remand for resentencing.
 
 
 3
 * This appeal is from Penn's second sentence imposed after remand. He pled guilty in August 1992 to two counts of possessing with intent to distribute LSD in violation of 21 U.S.C. Sec. 841(a)(1). The district court initially sentenced Penn to 100 months imprisonment under the Guidelines. While Penn's first appeal was pending, the U.S. Sentencing Commission adopted Amendment 488 to the Guidelines, which changed the manner in which the quantity of LSD is calculated under the drug quantity table of U.S.S.G. Sec. 2D1.1. Under Amendment 488, the weight of LSD is no longer calculated according to the entire weight of the drug's "carrier medium." Instead, each dose of LSD is calculated as weighing 0.4 milligrams. Because Amendment 488 may be applied retroactively pursuant to 18 U.S.C. Sec. 3582(c)(2), see U.S.S.G. Sec. 1.B1.10(a), (c), we granted Penn's motion for a limited remand of his case to enable him to petition the district court to be sentenced in light of Amendment 488. United States v. Penn, No. 93-50188.
 
 
 4
 At resentencing, the district court applied Amendment 488 retroactively, which resulted in a guideline range of 30-37 months. However, the district court, relying on Chapman v. United States, 500 U.S. 453 (1991), determined that, under 18 U.S.C. Sec. 841(b), whether the five-year mandatory minimum sentence applied still depended on the actual weight of the carrier medium. Because each count to which Penn pled guilty involved more than one gram of LSD when calculated according to the weight of the carrier medium, the district court imposed a sixty-month sentence of imprisonment on each count, to be served concurrently with one another.
 
 II
 
 5
 We recently held in United States v. Muschik, --- F.3d ---- (9th Cir.1995), that Amendment 488's selection of a standard dosage weight determines the weight of LSD for purposes of applying both the Guidelines and the mandatory minimum sentence provisions. The five-year mandatory minimum sentence under 18 U.S.C. Sec. 841(b) is required only if Penn possessed with the intent to distribute more than one gram of LSD. Under Muschik, the sentencing court should have calculated the weight of the LSD by assigning a weight per dose of 0.4 milligrams, not according to the actual weight of the carrier medium.
 
 
 6
 Accordingly, we VACATE the sentence imposed by the district court and REMAND for resentencing.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3