**Henry Hong CHOW, Petitioner—Appellee,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE; Charles de More, District Director, Respondents—Appellants.**

No. 01–15224.

D.C. No. CV–00–01840–CW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2003.

Decided Aug. 12, 2003.

Before HILL,* T.G. NELSON, and HAWKINS, Circuit Judges.

* The Honorable James C. Hill, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation.

## MEMORANDUM **

The INS appeals a grant of habeas corpus relief to Henry Hong Chow ("Chow"). Because Chow's departure from this country constituted a withdrawal of his appeal to the Board of Immigration Appeals ("BIA"), we reverse.

Interpreting the law as it stood before the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), the Supreme Court held in *Rosenberg v. Fleuti*, 374 U.S. 449, 83 S.Ct. 1804, 10 L.Ed.2d 1000 (1963) (*"Fleuti"*), that a Lawful Permanent Resident's return to the United States from an "afternoon trip" to Mexico did not constitute an "entry" within the meaning of 8 U.S.C. § 1101(a)(13), because the trip was "innocent, casual, and brief." *Id.* at 461, 83 S.Ct. 1804. Chow seeks to apply *Fleuti* to his case, and asks us to hold that his five-day trip to Canada did not constitute a "departure" sufficient to withdraw his BIA appeal within the meaning of 8 C.F.R. § 3.4.

We analyze this question under the Immigration and Nationality Act as it existed before the enactment of the IIRIRA. IIRIRA does not apply to deportation or exclusion proceedings that were initiated prior to April 1, 1997, IIRIRA § 309(c)(1), and the INS initiated proceedings against Chow in 1992.

However, *Fleuti* was based in large part on the legislative history behind 8 U.S.C. § 1101(a)(13), which the Court held evidenced an intent to "ameliorate the severe effects of the strict 'entry' doctrine." 374 U.S. at 462, 83 S.Ct. 1804. Chow's case is based on the interpretation of the term "departure," not the term "entry," and the statute from which 8 C.F.R. § 3.4 draws its authority, 8 U.S.C. § 1105a(c), possesses no parallel legislative history. Absent congressional intent on the matter, we may not extend the *Fleuti* exception to cases to which its rationale does not apply. Because Chow was subject to a pending deportation order, as would be all aliens whose appeals are withdrawn pursuant to 8 C.F.R. § 3.4, a finding that his appeal was withdrawn because he left the country is not one of the "meaningless and irrational hazards" that concerned the Court in *Fleuti*. 374 U.S. at 460, 83 S.Ct. 1804; *Aleman–Fiero v. INS*, 481 F.2d 601 (5th Cir.1973).

Further, the procedure used by the INS when it found Chow's appeal to be withdrawn did not violate his procedural due process rights. *See Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). While the interest asserted by Chow is substantial, it is insufficient to overcome the presumption in favor of the constitutionality of immigration regulations. *See Pazcoguin v. Radcliffe*, 292 F.3d 1209, 1218 (9th Cir.2002). The written notice afforded Chow was sufficient, given that even "notice published in the Federal Register ... [is] more than ample to satisfy any due process concerns." *Lyng v. Payne*, 476 U.S. 926, 942, 106 S.Ct. 2333, 90 L.Ed.2d 921 (1986).

*Petitioner's Motion to Remand is denied.*

REVERSED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.