# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50637

United States Court of Appeals
Fifth Circuit

**FILED**

May 16, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE LUIS MURILLO-ACOSTA

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before REAVLEY, JONES, and GRAVES, Circuit Judges.

PER CURIAM:

Jose Luis Murillo-Acosta pled guilty to using a fraudulent visa as proof of permission to enter the United States. 18 U.S.C. § 1546(a). At sentencing, his offense level was increased by two levels under U.S.S.G. § 2L2.2(b)(1) for a previous deportation. Murillo-Acosta challenges the two level increase, arguing that after a 2013 determination that he was removable, he voluntarily departed in lieu of removal pursuant to 8 U.S.C. § 1229c(a)(1). Murillo-Acosta contends that because he voluntarily departed he has not "been deported" for the purposes of U.S.S.G. § 2L2.2(b)(1). We reject Murillo-Acosta's argument, and AFFIRM the sentence.

We review the district court's interpretation and application of the sentencing guidelines *de novo*. *United States v. Cisneros-Gutierrez*, 517 F.3d

No. 13-50637

751, 764 (5th Cir. 2008). Section 2L2.2(b)(1) states: "If the defendant is an unlawful alien who has been deported (voluntarily or involuntarily) on one or more occasions prior to the instant offense, increase by 2 levels." In 2013 a warrant of removal issued for Murillo-Acosta stating that he was "subject to removal/deportation from the United States based upon a final order." The Immigration Judge in that proceeding granted Murillo-Acosta voluntary departure pursuant to 8 U.S.C. § 1229c(a)(1), but stated that if he failed to depart the grant of voluntary departure would be withdrawn and he would be removed.

In the absence of Fifth Circuit precedent, the district court relied on the reasoning of an unpublished Third Circuit case in which the court concluded that "a grant of voluntary departure does not exclude a deportable alien from all consequences of illegal entry" and "in some situations . . . may be treated as a deportation." *United States v. Munoz-Valencia*, 59 F. App'x 483, 485-87 (3d Cir. 2003). Additionally, the Ninth Circuit has held that a person under a deportation order who voluntarily leaves the United States has been deported. *United States v. Blaize*, 959 F.2d 850, 851 (9th Cir. 1992).

Murillo-Acosta attempts to distinguish those decisions, because in his case, unlike those mentioned, a formal removal order had not issued. His argument is not persuasive. Section 2L2.2(b)(1) specifically mentions the possibility that an illegal alien has been *voluntarily* deported. Murillo-Acosta has cited no authority supporting his interpretation of the guideline and fails to demonstrate how his narrow construction would allow any plausible definition of voluntary deportation. Additionally, the Second and Third circuits have suggested, in dicta, that the guideline was intended to apply whenever an alien departs voluntarily – even without formal removal proceedings. *See United States v. Sentamu*, 212 F.3d 127, 136 (2d Cir. 2000); *United States v. Clase-Espinal*, 115 F.3d 1054, 1058 (1st Cir. 1997). We

2

No. 13-50637

conclude that an unlawful alien who is allowed to voluntarily depart pursuant to 8 U.S.C. § 1229c(a)(1) in lieu of deportation has "been deported" for the purposes of U.S.S.G. § 2L2.2(b)(1). Accordingly, the sentence is AFFIRMED.