MATTER OF SOLIS-DAVILA

In Deportation Proceedings

A-10816558

*Decided by Board April 28, 1971*

The departure foreign of an alien while an order of deportation was outstanding effectively executed that order notwithstanding a petition for review of the deportation order under section 106 of the Immigration and Nationality Act, as amended, was pending at the time of departure.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—An alien who at time of entry was excludable as one who had been arrested and deported, consent to apply or reapply for admission not having been granted by the proper authority under section 212(a)(17) of the Act.

ON BEHALF OF RESPONDENT:
Joseph J. Rey, Esquire
543 Magoffin Avenue
El Paso, Texas 79901

ON BEHALF OF SERVICE:
William F. Weinert
Trial Attorney

Respondent, through counsel, appeals from an adverse order of the special inquiry officer dated February 16, 1971, directing deportation to Mexico on the charge set forth above.

Respondent was first ordered deported by a decision of the special inquiry officer dated May 25, 1970, on the ground that he had entered the United States without inspection. Section 241(a)(2) of the Immigration and Nationality Act (8 U.S.C. 1251(a)(2)).

On appeal, this Board entered an order dated June 18, 1970 dismissing the appeal. The following month, respondent filed a petition for review of that order in the United States Court of Appeals for the Fifth Circuit. Respondent was thereafter located in Mexico on or about September 11, 1970, allegedly preparing to smuggle aliens into the United States. He reentered the United States and deportation proceedings were again instituted and respondent was found deportable on the charge set forth above. Re-

spondent was also convicted on September 25, 1970 in the United States District Court in El Paso, Texas. He was adjudged guilty for having committed the offense of having unlawfully transported and removed aliens who had not been duly admitted by an immigration officer of the United States and were not lawfully entitled to enter and to reside within the United States, in violation of Title 8, United States Code, section 1324(a) (2). Respondent was sentenced to serve a term of imprisonment for a period of six months and placed on probation for a period of five years. (Ex. 3).

Counsel contends that respondent is not deportable because of his departure foreign while the Board's order of June 18, 1970 was in effect and that his subsequent entry does not support an order of deportation. Counsel further contends that there was no final order of deportation with respect to the original proceedings, in that no order had been entered by the Court of Appeals for the Fifth Circuit prior to his departure.

It is clear the respondent departed while the Board's order of June 18, 1970 was in effect and under review in the Court of Appeals pursuant to section 106(a) of the Immigration and Nationality Act. As a result, enforced deportation was precluded by section 106(a) (3) of the Immigration and Nationality Act. The fact is that the filing of the petition for review did not affect the deportation order under review and there is no judgment of the Court of Appeals affecting the Board's order. Accordingly, the alien's departure while the order of deportation was outstanding effectively executed that order. Section 101(g), Immigration and Nationality Act.

Counsel presented no authority in support of his position that respondent's subsequent entry does not support an order of deportation. We affirm the order of the special inquiry officer dated February 16, 1971. We find counsel's other contention to the effect that respondent was not given an opportunity to crossexamine the witnesses without merit.

**ORDER:** It is ordered that the appeal be dismissed.