## MATTER OF PALMA

### In Deportation Proceedings

#### A-7140179

*Decided by Board November 9, 1973*

An alien's departure from the United States in 1973 while under a final order of deportation served to execute the outstanding deportation order, thereby mooting the deportation proceedings. Accordingly, a motion to reopen the deportation proceedings to apply for suspension of deportation cannot be granted, notwithstanding the alien's departure was followed by reentry the same day (*Fleuti v. Rosenberg*, 374 U.S. 449 (1963), inapplicable).

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered without inspection

ON BEHALF OF RESPONDENT: Robert L. Milland, Esquire
El Paso Legal Assistance Society
109 North Oregon Street, Suite 919
El Paso, Texas 79901

On April 26, 1962, an immigration judge found the respondent deportable as charged in the Order to Show Cause and ordered his deportation. Appeal from that decision was waived and the deportation order became final. On May 2, 1973, an immigration judge granted a motion to reopen the deportation proceedings so that the respondent could apply for suspension of deportation. Unknown to the immigration judge, the respondent had departed from the United States on April 8, 1973, returning the same day. The Immigration and Naturalization Service moved to vacate the order to reopen. In an order dated May 23, 1973, the immigration judge granted the Service's motion to vacate on the ground that the respondent's departure from the United States had executed the outstanding deportation order, thereby mooting the deportation proceedings. The respondent has appealed from that order. The appeal will be dismissed.

Section 101(g) of the Immigration and Nationality Act states:

For the purpose of this Act any alien ordered deported ... who has left the United States, shall be considered to have been deported in pursuance of law,

486

irrespective of the source from which the expenses of his transportation were defrayed or of the place to which he departed.

8 CFR 243.5 states, in part:

... Any alien who has departed from the United States while an order of deportation is outstanding shall be considered to have been deported in pursuance of law, ...

The respondent has conceded that he departed the United States on April 8, 1973, while he was under an order of deportation. It is well established that an alien's departure while under an order of deportation executes that order pursuant to section 101(g) of the Act. *Mrvica* v. *Esperdy*, 376 U.S. 560, 563–64 (1964); *Matter of Solis-Davila*, 13 I. & N. Dec. 694 (BIA 1971), aff'd *Solis-Davila* v. *INS*, 456 F.2d 424 (C.A. 5, 1972). Consequently, the respondent was deported pursuant to the law.

Since the respondent's departure executed the deportation order, there are no longer any deportation proceedings pending which could be reopened. Therefore, the immigration judge was correct in his determination that the order to reopen should be vacated. Cf. *Berghoefer* v. *Johnson*, 285 F.2d 762 (C.A. 5, 1961); 8 CFR 3.2.

The respondent argues that the deportation order was not executed because he did not make a meaningful departure for immigration purposes under the doctrine of *Rosenberg* v. *Fleuti*, 374 U.S. 449 (1963). The respondent's reliance on *Fleuti* is inappropriate.

Unlike Fleuti who left the country free of any sanctions imposed by the immigration laws, the respondent departed while under an outstanding order of deportation. In *Aleman-Fiero* v. *INS*, 481 F.2d 601 (C.A. 5, 1973), it was held that such an individual was not entitled to the benefits of *Fleuti*. Furthermore, the court in *Aleman-Fiero* pointed out that the issue in *Fleuti* was not what constituted a departure but whether Fleuti was within the exemption from the term "entry" under section 101(a)(13). That section expressly provides that "no person whose departure from the United States was occasioned by deportation proceedings ... shall be held to be entitled to such exemption."

We conclude that the immigration judge's decision was correct. The appeal will be dismissed.

**ORDER:** The appeal is dismissed.