MATTER OF ESTRADA

In Deportation Proceedings

A-30422678

*Decided by Board December 20, 1979*

(1) The deportation of the respondent, who was deported under section 241(a)(13) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(13), as an alien who knowingly and for gain assisted, abetted or aided another alien to enter the United States illegally, is not rendered unlawful or violative of due process when a conviction for aiding and abetting the unlawful entry of an alien is set aside. A conviction is not necessary to a finding of deportability under section 241(a)(13), and the respondent's own testimony and affidavit regarding his role in bringing aliens into the United States constituted sufficient evidence of deportability. *Mendez v. INS,* 563 F.2d 956 (9 Cir. 1977) distinguished.

(2) Where the respondent's deportation was neither illegal nor in contravention of due process, the Board is without jurisdiction to grant reopening or to order readmission. 8 C.F.R. 3.2.

CHARGE:

Order: Act of 1952—Sec. 241(a)(13) [8 U.S.C. 1251(a)(13)]—Aiding and abetting the unlawful entry of aliens into the United States

ON BEHALF OF RESPONDENT:
Raymond Campos, Esquire
304 South Broadway, Suite 310
Los Angeles, California 90013

ON BEHALF OF SERVICE:
Jane Gersbacher, Esquire
Trial Attorney

BY: Milhollan, Chairman; Maniatis, Appleman, and Maguire, Board Members

The respondent has filed a motion to reopen his deportation proceedings, and is requesting that an order be entered to admit him as a lawful permanent resident. The motion will be denied.

The respondent is a 25-year-old native and citizen of Mexico who was admitted to the United States as an immigrant on May 13, 1973. On August 16, 1976, an immigration judge found the respondent deportable under section 241(a)(13) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(13), as an alien who knowingly and for gain assisted, abetted or aided an alien to enter the United States unlawfully. This Board affirmed the immigration judge's decision on October 27, 1977,

and our decision was in turn affirmed by the Ninth Circuit Court of Appeals on June 28, 1978. A petition for rehearing was denied by the Ninth Circuit on July 24, 1978. The respondent was deported from the United States on August 17, 1978.

After his deportation, the respondent filed a Motion to Vacate, Set Aside or Correct Sentence with the United States District Court, District of Arizona, which had on May 27, 1976, convicted him of aiding and abetting the unlawful entry of an alien into the United States. On April 18, 1979, the respondent's guilty plea was set aside, and on June 21, 1979, the respondent's attorney was informed that the United States Attorney's office in Phoenix had decided not to proceed further in their case against the respondent. The instant motion, filed on August 10, 1979, is based primarily on the fact that the respondent's conviction was set aside.

As pointed out in the Immigration and Naturalization Service's opposition to this motion, 8 C.F.R. 3.2 provides:

A motion to reopen or a motion to reconsider shall not be made by or in behalf of a person who is the subject of deportation proceedings subsequent to his departure from the United States.

As this motion was made long after the respondent's deportation, deportation proceedings are no longer pending against the respondent, and we are thus without jurisdiction to reopen them. *Cf. Matter of Palma*, 14 I&N Dec. 486 (BIA 1973).

In his motion, the respondent cites *Mendez v. INS*, 563 F.2d 956 (9 Cir. 1977), wherein the Court held that if an alien's deportation is illegal or in contravention of due process, he may be readmitted with the same status he held prior to his departure, and will be permitted to pursue any administrative and judicial remedies to which he is entitled. *Mendez*, however, is clearly distinguishable from the present case. In *Mendez*, the alien was convicted of burglary and given a 1 year's sentence, and so was found deportable under section 241(a)(4) of the Act, as an alien convicted of a crime involving moral turpitude with a sentence imposed of 1 year or longer. *Prior* to the deportation of the respondent in *Mendez*, his 1 year sentence was vacated, and a 9-month sentence was imposed. A week after this reduction in sentence, the Service notified the respondent to appear for deportation, but did not notify his counsel. The respondent appeared as ordered, explained that a shorter sentence had been imposed, but was nevertheless deported the same day, without an opportunity to contact counsel. The Court found a violation of due process on these facts, and ordered the respondent readmitted in order to pursue any possible remedies.

In the present case, the respondent's conviction was set aside long after his deportation, not prior to it. Moreover, as the respondent here

was found deportable under a section of the Act which does not require a criminal conviction, it does not appear that even a more timely setting aside of the conviction would have wiped out the grounds for his deportation.[1] The respondent's own testimony and affidavit regarding his role in bringing aliens into the United States illegally constitute clear, convincing, and unequivocal evidence of deportability. The conviction is not necessary to this finding. Finally, the respondent's counsel in this case had notice of the respondent's imminent deportation, and in fact filed an application for stay of deportation on his behalf.[2]

We do not find that the respondent's departure on August 18, 1978, under an order of deportation, was in contravention of due process. As the deportation was lawful, we are constrained by 8 C.F.R. 3.2 to deny this motion for lack of jurisdiction.

ORDER: The motion is denied.

---

[1] Section 241(a)(13) of the Act provides for the deportation of any alien who:
(13)prior to, or at the time of any entry, or at any time within five years after entry, shall have, knowingly and for gain, encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law.

[2] As pointed out in the respondent's motion, the stay application was not denied until after the respondent's deportation. This is unfortunate, but we note that the respondent had no entitlement to a stay. 8 C.F.R. 234.4.

189