MATTER OF YIH-HSIUNG WANG

In Deportation Proceedings

A-14957191

*Decided by Board November 5, 1980*

(1) The Board of Immigration Appeals has no appellate jurisdiction over a District Director's denial of pre-hearing voluntary departure or his denial of a respondent's post-hearing request for an extension of his voluntary departure period, and any challenges to such denials must be raised in Federal Court. *See* 8 C.F.R. 242.5(b) and 244.2.

(2) The voluntary departure of a respondent from the United States pursuant to an immigration judge's order after the District Director's denial of his request for an extension of the voluntary departure period imparts a finality to the deportation proceedings and results in the alien's departure being considered "in pursuance of law." *See* section 101(g) and 106(c) of the Immigration and Nationality Act.

(3) The respondent, who voluntarily departed from the United States accompanied by counsel, could not thereafter successfully move to reopen the prior deportation proceedings to raise issues which should have been presented prior to departure. *Mendez v. INS*, 563 F.2d 956 (9 Cir. 1977), distinguished.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant student—remained longer than permitted

ON BEHALF OF RESPONDENT:
Frank S. Pestana, Esquire
Kidwell & Pestana
4214 Beverly Boulevard
Suite 223
Los Angeles, California 90004

ON BEHALF OF SERVICE:
Gerald S. Hurwitz
Appellate Trial Attorney

William F. Nail
Trial Attorney

BY: Milhollan, Chairman; Maniatis, Appleman, and Maguire, Board Members

The respondent appeals from the October 29, 1979, decision of the immigration judge denying his motion to reopen deportation proceedings. The appeal will be dismissed.

The respondent is a 29-year-old native and citizen of China. He first entered the United States in March 1966 as a nonimmigrant student. He departed the United States for short periods in 1971 and 1974. He apparently reentered on both occasions in a nonimmigrant student

status. In February 1977, the respondent's United States citizen brother filed a visa petition on his behalf that was approved in September 1977. In August 1977, the respondent married a lawful permanent resident, who also filed a visa petition on his behalf. This "second-preference" visa petition was approved in February 1978.

The respondent had worked without Service permission in 1977 and was ineligible for adjustment of status under the provisions of section 245 of the Act, 8 U.S.C. 1255. *See* section 245(c)(2). The approved "second-preference" visa petition, therefore, was forwarded to the United States Consulate at Winnipeg, Canada, for processing. The consulate apparently declined to accept jurisdiction over the case unless the Service would provide assurances that the respondent would be permitted to remain in the United States pending the processing of the application for permanent residence. The District Director having jurisdiction over the respondent's case, however, refused to grant "voluntary departure prior to commencement of hearing," the procedure under which certain aliens are permitted to remain in the United States until visa processing is completed at a consulate. *See* 8 C.F.R. 242.5 (1977); Operations Instruction 242.10(a)(1) (1977). This decision was discretionary and, by regulation, no administrative appeal was permitted from the denial. *See* 8 C.F.R. 242.5(b) (1977).

An Order to Show Cause was issued in May 1978 charging the respondent with being deportable under section 241(a)(2) as an "overstayed" student. At proceedings held on July 25, 1978, the respondent, who was represented by counsel, conceded deportability. He was granted some 3 months in which to voluntarily depart from the United States, the sole discretionary relief requested. No appeal was taken from this decision. Subsequent to the deportation hearing, the respondent sought an extension of the voluntary departure period so that the processing of the visa in Winnipeg could be accomplished. The District Director, who had declined to grant such relief prior to the issuance of the Order to Show Cause, continued in his refusal. This discretionary decision not to extend the voluntary departure period was within the sole jurisdiction of the District Director and was not reviewable administratively. *See* 8 C.F.R. 244.2 (1977). On October 27, 1978, the last day of the voluntary departure period granted by the immigration judge, the respondent, accompanied by counsel, departed from the United States to Mexico.

On November 11, 1978, the respondent apparently reentered the United States without inspection. Thereafter, on April 10, 1979, through counsel, he moved to reopen the July 1978 deportation proceedings. The respondent sought either the opportunity to apply for suspension of deportation pursuant to section 244(a)(1) of the Act, 8 U.S.C. 1254(a)(1), or an additional grant of voluntary departure so that

processing of the visa in Winnipeg could be accomplished. The immigration judge denied the motion on October 29, 1979, because the respondent had departed from the United States pursuant to his order in the earlier proceedings. He noted that if the Service desired to proceed against the respondent, the issuance of a new Order to Show Cause would be required.

The respondent appeals from this denial of the motion to reopen. Through counsel, it is submitted that the immigration judge erred in refusing to reopen the deportation proceedings. The underlying basis of the appeal, however, is a challenge to the District Director's refusal to grant the respondent pre-hearing voluntary departure in 1977, his refusal to advise the consulate in Winnipeg that the respondent would be permitted to remain in the United States until processing of the visa application was completed, his decision to issue the Order to Show Cause in May 1978, and his refusal after the deportation proceedings to extend the respondent's voluntary departure period.[1] The respondent submits that his "coerced departure" in October 1978 cannot provide a proper basis to deny reopening of the deportation proceedings.

We concur in the immigration judge's finding that the October 1978 departure of the respondent, who has been represented by counsel throughout these proceedings, imparted a finality to the deportation proceedings predating his departure and results in his departure being considered "in pursuance of law." See section 101(g) of the Act, 8 U.S.C. 1101(g). See also 8 C.F.R. 3.2 and 3.4; Mrvica v. Esperdy, 376 U.S. 560, 563-64 (1964); Matter of Palma, 14 I&N Dec. 486 (BIA 1973). The finality that results from such a departure prevents the Service from relying on the prior deportation order to force a new departure (i.e., new deportation proceedings are required once a respondent departs and then illegally reenters). Similarly, the respondent loses his right to contest the lawfulness of the proceedings once he elects to depart. See section 106(c) of the Act, 8 U.S.C. 1105a(c). Were this not the case, respondents subject to deportation orders would in effect be encouraged to depart and reenter illegally as such actions would preclude the Service from relying on the prior adjudicated order, but in no way diminish the alien's ability to have such proceedings administratively and judicially reviewed.

We note that this case is clearly distinguishable from Mendez v. INS, 563 F.2d 956 (9 Cir. 1977), where the United States Court of Appeals for the Ninth Circuit concluded that a respondent's deportation "was effected by procedurally defective means" because his coun-

---

[1] The respondent submits that the District Director improperly declined to grant the requested relief because the respondent refused to cooperate with the Federal Bureau of Investigation and the Central Intelligence Agency to the extent those agencies desired.

sel was not given required notice of the order to his client to appear for deportation. That case involved not only a challenge to the proceedings underlying the deportation order, but also an attack on the manner in which the order was enforced.

Here, the respondent conceded deportability at proceedings in July 1978. Accompanied by counsel, he voluntarily departed in October 1978. His departure was no more "coerced" than any other departure by a deportable alien who desires to remain in this country, but cannot convince a District Director to extend the voluntary departure period. The motion before us in fact does not relate to the manner of enforcement of the deportation order, but instead to the basis of the order and to the District Director's rationale for refusing to allow the respondent to remain until his visa could be processed in Canada. These matters, however, should have been contested prior to departure.[2] Further, as the proceedings became final on the respondent's departure, they cannot now be reopened to provide the opportunity to apply for additional administrative relief from deportation.

**ORDER:** The appeal is dismissed.

---

[2] The respondent, through counsel, prior to his departure neither moved to reopen the deportation proceedings nor challenged those decisions of the District Director, which were not administratively appealable, in Federal Court.

568