# Matter of Olivia BULNES-Nolasco, Respondent

File A074 374 363 - Hartford, Connecticut

*Decided July 23, 2009*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

 An alien's departure from the United States while under an outstanding order of deportation or removal issued in absentia does not deprive the Immigration Judge of jurisdiction to entertain a motion to reopen to rescind the order if the motion is premised upon lack of notice.

FOR RESPONDENT: Shawn L. Rutchick, Esquire, New London, Connecticut

BEFORE: Board Panel: FILPPU, COLE, and PAULEY, Board Members.

PAULEY, Board Member:

In a decision dated February 19, 2008, an Immigration Judge denied the respondent's motion to reconsider an order denying reopening of her deportation proceedings, which had been conducted in absentia. The respondent has appealed from that decision. The Department of Homeland Security has not filed a brief on appeal. The record will be remanded to the Immigration Judge.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Honduras who entered the United States without inspection on July 28, 1996. In August 1996 she was personally served with an Order to Show Cause and Notice of Hearing (Form I-221) pursuant to the law in effect prior to the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546 ("IIRIRA").[1] An Immigration Judge ordered the respondent deported in absentia after she failed to appear for her

---

[1] As a result of the transitional rules in section 309(c) of the IIRIRA,110 Stat. at 3009-625, the law in effect prior to its enactment continues to govern the respondent's deportation proceedings.

scheduled hearing before the Hartford Immigration Court in June 1998. The respondent filed a motion to reopen with the Immigration Judge on December 7, 2007, arguing that she did not receive proper notice of the deportation hearing. The Immigration Judge denied the motion on January 17, 2008, finding that the in absentia deportation order was executed by the respondent's subsequent departure from and reentry to the United States. Accordingly, the Immigration Judge found that there were no proceedings to reopen.

The respondent filed a timely motion for reconsideration, arguing, inter alia, that she was ordered deported in absentia while she was in Honduras, having returned to that country almost a year before her hearing, and that she therefore did not depart the United Stated under an order of deportation.[2] The Immigration Judge denied the respondent's motion, citing 8 C.F.R. § 1003.23(b)(1) (2008).

## II. ANALYSIS

Section 101(g) of the Immigration and Nationality Act, 8 U.S.C. § 1101(g) (2006), provides that an alien ordered deported or removed who has left the United States is considered to have been deported in pursuance of law. It has long been held that an alien's departure from the United States while under an outstanding order of deportation has the effect of executing the order, thereby bringing finality to the deportation proceedings and depriving the immigration courts and this Board of jurisdiction to entertain motions with respect to the underlying order. *See Matter of Okoh*, 20 I&N Dec. 864, 864-65 (BIA 1994); *Matter of Yih-Hsiung Wang*, 17 I&N Dec. 565, 567 (BIA 1980); *Matter of Estrada*, 17 I&N Dec. 187, 188 (BIA 1979), *rev'd on other grounds*, *Estrada-Rosales v. INS*, 645 F.2d 819 (9th Cir. 1981); *Matter of Palma*, 14 I&N Dec. 486, 487 (BIA 1973); *Matter of G- y B-*, 6 I&N Dec. 159, 159-60 (BIA 1954); *see also* 8 C.F.R. § 1241.7 (2009). This principle is reflected in the regulations governing the adjudication of motions in immigration court, which provide in relevant part that "[a] motion to reopen or to reconsider shall not be made by or on behalf of a person who is the subject of . . . deportation . . . proceedings subsequent to his or her departure from the United States." 8 C.F.R. § 1003.23(b)(1); *see also* 8 C.F.R. § 1003.2(d) (2009) (governing motions filed before the Board).

Because the departure of an alien under an outstanding order of deportation has the effect of depriving the Immigration Judge of jurisdiction over the prior proceedings, such a departure normally precludes the Immigration Judge from

---

[2] The respondent asserts that she has twice entered the United States since her in absentia hearing, in 2001 and again in 2002, and that she remains here today.

reopening the proceedings. *See generally Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir. 2003). However, we are persuaded that the present case *may* constitute an exception to this general rule because the respondent claims a lack of notice of the proceedings in which she was ordered deported in absentia.

The rule that an alien's departure from the United States constitutes an act of "self-deportation" within the meaning of section 101(g) of the Act, so as to trigger the jurisdictional bar to reopening, presupposes the existence of an outstanding "order of deportation." We conclude, as has the United States Court of Appeals for the Eleventh Circuit, that an in absentia deportation order does not so qualify if it was issued in a proceeding of which the alien did not properly receive notice. *Contreras-Rodriguez v. United States Attorney General*, 462 F.3d 1314 (11th Cir. 2006). *See generally Matter of Armendarez*, 24 I&N Dec. 646, 654 n.6 (BIA 2008) (reserving decision on this issue).

Applicable regulations provide in relevant part that "[a]n order entered in absentia in deportation proceedings may be *rescinded* only upon a motion to reopen filed . . . *[a]t any time* if the alien demonstrates that he or she did not receive notice." 8 C.F.R. § 1003.23(b)(4)(iii)(A)(*2*) (emphasis added). With respect to an in absentia deportation order, the term "rescind" means "to annul ab initio." *See Matter of M-S-*, 22 I&N Dec. 349, 353 (BIA 1998) (citing *Black's Law Dictionary* 1306 (6th ed. 1990)). An in absentia deportation order issued in proceedings of which the respondent had no notice is voidable from its inception and becomes a legal nullity upon its rescission, with the result that the respondent reverts to the same immigration status that he or she possessed prior to entry of the order. *See id.* Furthermore, the regulatory phrase permitting rescission "at any time" suggests that an alien ordered deported in absentia possesses a robust right to challenge the removal order on improper notice grounds. 8 C.F.R. § 1003.23(b)(4)(iii)(A)(*2*).

An Immigration Judge has the authority to consider and decide whether he has jurisdiction over a matter presented to him. In other words, an Immigration Judge has jurisdiction to determine his jurisdiction. Before an Immigration Judge may conclude that he lacks jurisdiction to reopen by virtue of an alien's departure while under an outstanding order of deportation, he must first determine that an "order of deportation" existed at the time of departure. If an alien establishes that his departure from the United States occurred after the entry of an in absentia deportation order that is subject to rescission, an Immigration Judge's decision rescinding that order constitutes a binding judgment that the order was void ab initio, thereby precluding it from being used as the predicate for an act of "self-deportation" under section 101(g) of the Act. Applying the jurisdictional bar to reopening in a case involving an inoperative in absentia deportation order would give that order

greater force than it is entitled to by law and would, as a practical matter, impose a limitation on motions to rescind that is not compatible with the broad language of 8 C.F.R. § 1003.23(b)(4)(iii)(A)(*2*).[3] Thus, we hold that an alien's departure from the United States while under an outstanding order of deportation or removal issued in absentia does not deprive the Immigration Judge of jurisdiction to entertain a motion to reopen to rescind the order if the motion is premised on lack of notice.

In light of the foregoing, we will remand the record to the Immigration Judge to allow him to decide in the first instance the jurisdictional question whether the respondent's in absentia deportation order is subject to rescission for lack of proper notice.[4] 8 C.F.R. § 1003.23(b)(4)(iii)(A)(*2*); *see also Matter of C-R-C-*, 24 I&N Dec. 677 (BIA 2008); *Matter of M-R-A-*, 24 I&N Dec. 665 (BIA 2008). We decline to address the respondent's remaining contentions on appeal, which the respondent may raise with the Immigration Judge on remand.

**ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

---

[3] To the extent that 8 C.F.R. §§ 1003.23(b)(1) and (4)(iii)(A)(*2*) may be considered incompatible with one another, we note that the latter regulation is both more specific in its applicability to in absentia orders and more recent in time than the former regulation. As the United States Supreme Court has recognized in the context of statutory interpretation, "'[T]he implications of a statute may be altered by the implications of a later statute' . . . particularly . . . where the scope of the earlier statute is broad but the subsequent statutes more specifically address the topic at hand." *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 143 (2000) (quoting *United States v. Fausto*, 484 U.S. 439, 453 (1988)); *see also United States v. Estate of Romani*, 523 U.S. 517, 530-31 (1998) (holding that "a specific policy embodied in a later federal statute should control our construction of the [earlier] statute, even though it ha[s] not been expressly amended").

[4] We note that an open factual question exists with regard to whether the respondent entered and exited the United States after the June 26, 1998, in absentia deportation order. In her motion to reopen, she stated that she was in Honduras from July 28, 1997, until June 17, 2001, and again from August 1, 2001, until December 2002. However, in her motion to reconsider, she stated that she did not leave the United States while under an order of deportation, that is, after June 26, 1998. The Board has limited fact-finding abilities on appeal. *See* 8 C.F.R. § 1003.1(d)(3)(i) (2009); *see also Matter of S-H-*, 23 I&N Dec. 462 (BIA 2002). Therefore, on remand, the Immigration Judge should make factual findings with regard to the dates the respondent entered and departed the United States.