Gaytan-Aragon v. Lynch

BIA
Montante, IJ
A073 467 405

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of June, two thousand fifteen.

PRESENT:
>ROBERT A. KATZMANN,
>>*Chief Judge,*
>DENNY CHIN,
>RAYMOND J. LOHIER, JR.,
>>*Circuit Judges.*

_____

GILBERTO GAYTAN-ARAGON,
>*Petitioner,*

>v.                                          13-3717
>                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>*Respondent.**

_____

FOR PETITIONER:     Susan N. Burgess, Law Office of
                    Susan N. Burgess, Independence, KY.

FOR RESPONDENT:     Stuart F. Delery, Assistant Attorney
                    General; David V. Bernal, Assistant

_____

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**Director; Anthony C. Payne, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gilberto Gaytan-Aragon, a native and citizen of Mexico, seeks review of a September 18, 2013 order of the BIA, affirming the May 3, 2013 decision of an Immigration Judge ("IJ"), which dismissed his motion for *sua sponte* reopening for lack of jurisdiction. *In re Gilberto Gaytan-Aragon*, No. A073 467 405 (B.I.A. Sept. 18, 2013), *aff'g* No. A073 467 405 (Immig. Ct. N.Y. City May 3, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's decision affirming an IJ's denial of a motion to reopen for abuse of discretion. *Iavorski v. INS*, 232 F.3d 124, 128 (2d Cir. 2000); *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C.

§ 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). The agency may also reopen proceedings "at any time" under its *sua sponte* authority. 8 C.F.R. §§ 1003.23(b)(1), 1003.2(a). However, under the departure bar, "[a] motion to reopen or to reconsider shall not be made by or on behalf of a person who is the subject of removal, deportation, or exclusion proceedings subsequent to his or her departure from the United States. Any departure from the United States, including the deportation or removal of a person who is the subject of exclusion, deportation, or removal proceedings, occurring after the filing of a motion to reopen or a motion to reconsider shall constitute a withdrawal of such motion." 8 C.F.R. §§ 1003.23(b)(1), 1003.2(d). We have accorded substantial deference to the BIA's interpretation that the departure bar is a jurisdictional limitation, which applies to motions for *sua sponte* reopening. *See Xue Yong Zhang v. Holder*, 617 F.3d 650, 660 (2d Cir. 2010).

Gaytan-Aragon challenges the application of the departure bar to his motion for *sua sponte* reopening filed with the IJ. He asserts that this Court has approved of the departure bar's application only to motions for *sua sponte* reopening filed with the BIA. Although he contends that the

3

regulations governing application of the departure bar in the context of motions filed directly with the BIA differ from those governing application in the IJ context, "[t]hese regulations are 'substantively identical' in terms of the authority they provide to IJs and the BIA to consider motions to reopen." *Id.* at 657 n.5. *Compare* 8 C.F.R. § 1003.23(b)(1), *with* 8 C.F.R. § 1003.2(d). His argument is therefore without merit.

Gaytan-Aragon also challenges the application of the departure bar because he filed his motion while physically present in the United States. He argues, based on *Xue Yong Zhang*, that the regulations governing the agency's *sua sponte* authority permit the exercise of that power at "any time," *see* 8 C.F.R. §§ 1003.2(a), 1003.23(b)(1), and that "the BIA apparently understands the phrase 'at any time' to mean 'at any time that the alien in question is physically present in the United States,'" 617 F.3d at 660. Gaytan-Aragon's reliance on *Xue Yong Zhang*, however, is misplaced.

In *Xue Yong Zhang*, we accorded substantial deference to the BIA's interpretation that the departure bar applied to motions for *sua sponte* reopening. *Id.* at 652. *Xue Yong*

4

*Zhang*, however, involved application of the second prong of the departure bar, under which "[a]ny departure from the United States . . . after the filing of a motion to reopen . . . constitute[s] a withdrawal of such motion." *Id.* at 659 n.9 (alterations in original, quotations marks omitted). The petitioner in *Xue Yong Zhang* filed his motion for *sua sponte* reopening while in the United States but was removed prior to the BIA's adjudication of his motion. *Id.* at 652. Although the BIA initially granted Xue Yong Zhang's motion, it subsequently held that it lacked jurisdiction to do so because he was not physically present in the United States at the time of the adjudication and, thus, his motion had been effectively withdrawn. *Id.* Because *Xue Yong Zhang* concerned the withdrawal provision of the departure bar, the petitioner's physical presence in the United States at the time of the adjudication of the motion to reopen was determinative. *Id.* at 663.

To the contrary, Gaytan-Aragon is not subject to the withdrawal provision of the departure bar; rather, the agency found that it lacked jurisdiction under the first prong of the departure bar because Gaytan-Aragon departed from the United States following the conclusion of his deportation proceedings. *See* 8 C.F.R. § 1003.23(b)(1).

5

Gaytan-Aragon's unsupported assertion that the departure bar does not apply to motions to reopen filed by illegal reentrants like himself is simply incorrect. *See, e.g., Matter of G-N-C-*, 22 I.&N. Dec. 281, 283-84 (B.I.A. 1998) (applying departure bar to motion to reopen filed inside the United States after an illegal reentry); *Matter of Yih-Hsiung Wang*, 17 I.&N. Dec. 565 (B.I.A. 1980) (same). To find otherwise would create perverse incentives under which an alien who complied with a deportation order would be precluded from requesting *sua sponte* reopening from outside the United States, whereas an alien who illegally reentered the country after being deported would not.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

6