

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR HERNANDEZ-LOPEZ, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 12-71209 <br><br> B.I.A. No. A070-920-571 <br><br> MEMORANDUM[*] |

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted November 6, 2015[**]
Pasadena, California

Before:  GRABER and GOULD, Circuit Judges, and DANIEL,[***] Senior District
Judge.

Petitioner Victor Hernandez-Lopez, a native and citizen of Mexico, seeks

review of two decisions of the Board of Immigration Appeals ("BIA"):  its denial

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision
without oral argument.  Fed. R. App. P. 34(a)(2).

[***] The Honorable Wiley Y. Daniel, Senior United States District Judge for
the District of Colorado, sitting by designation.

of his motion to reopen and rescind a removal order and its denial of his application for cancellation of removal. Reviewing for abuse of discretion the BIA's denial of a motion to reopen, Tadevosyan v. Holder, 743 F.3d 1250, 1252–53 (9th Cir. 2014), and for substantial evidence the BIA's denial of an application for cancellation of removal, Zarate v. Holder, 671 F.3d 1132, 1134 (9th Cir. 2012), we deny the petition.

1. The BIA did not abuse its discretion in denying Petitioner's motion to reopen. The Immigration and Naturalization Service sent proper notice of the 1995 deportation hearing via certified mail on November 2, 1994. Petitioner admits that he received notice of the deportation hearing, and the record demonstrates that he received notice of the 1995 removal order in both English and Spanish.

Contrary to Petitioner's argument, the immigration judge ("IJ") considered In re Bulnes-Nolasco, 25 I. & N. Dec. 57 (B.I.A. 2009). The IJ acknowledged the immigration court's jurisdiction to hear the motion to reopen but simply found against the Petitioner.

2. Substantial evidence supports the BIA's finding that Petitioner did not have 10 years of continuous physical presence within the United States. He left the United States for Mexico around January 10, 1999, and reentered the United States, without inspection, the following month. Petitioner's departure for Mexico

2

while under a removal order executed his order of removal, 8 U.S.C. § 1101(g), and interrupted his continuous physical presence in the United States.  See Gutierrez v. Mukasey, 521 F.3d 1114, 1117 (9th Cir. 2008) (holding that departure under threat of removal breaks continuous physical presence in the United States). The BIA, therefore, correctly held that Petitioner is statutorily ineligible for cancellation of removal.

**Petition DENIED.**