21-6046
*Angarita v. Bondi*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of July, two thousand twenty-five.

PRESENT:
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> MYRNA PÉREZ,
> *Circuit Judges.*

------------------------------------------

JOSE LUIS ANGARITA,

    *Petitioner*,

    v.                         No. 21-6046

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,

    *Respondent*.\*

------------------------------------------

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Pamela Bondi is substituted automatically for former Attorney General Merrick B. Garland as the Respondent.

**FOR PETITIONER:**    MARK A. PRADA, Prada Urizar, PLLC, Miami, FL.

**FOR RESPONDENT:**   ROBERT P. COLEMAN III (Sarah Byrd, Trial Attorney;
           Linda S. Wernery, Assistant Director, Office of
           Immigration Litigation; Brian M. Boynton, Acting
           Assistant Attorney General, *on the brief*), United States
           Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jose Luis Angarita, a native and citizen of Colombia, seeks review of a December 31, 2020, decision of the BIA affirming a May 7, 2020, decision of an Immigration Judge ("IJ"). *In re Angarita,* No. A 029 728 714 (B.I.A. Dec. 31, 2020), *aff'g* No. A 029 728 714 (Immigr. Ct. Hartford May 7, 2020). The IJ's decision denied Angarita's motion for reconsideration of the IJ's decision terminating his case after the IJ's previous grant of a motion to reopen. We assume the parties' familiarity with the underlying facts and the procedural history, which we recite only as necessary to explain our decision to deny the petition.

Angarita, originally from Colombia, entered the United States as a visitor in June 1990. In October 1991, his status was changed to lawful permanent resident.

In March 1996, Angarita was convicted pursuant to Connecticut law for the offense of sale of hallucinogens, a crime qualifying as an aggravated felony. Angarita was

subsequently charged as deportable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). He was ordered removed in September 1998 and departed the United States shortly thereafter. Angarita reentered the United States in January 2020.

In May 2018, Angarita was granted an absolute pardon for his state-law offense. Nearly a year later, in April 2019, Angarita moved in the immigration court to reopen his removal proceedings and to rescind his removal order pursuant to 8 C.F.R. § 1003.23(b)(1). He argued for rescission because he had received a full pardon for the conviction and because he was eligible for relief under 8 U.S.C. § 212(c). Apparently recognizing that his motion was filed after expiration of the 90-day time limit for a motion to reopen, 8 C.F.R. § 1003.23(b)(1), Angarita asked the IJ to exercise his authority pursuant to that same provision to reopen *sua sponte*, which may be exercised at any time, *id*.

The IJ initially did so, concluding that Angarita could apply for section 212(c) relief in light of his representation that he had no other convictions. Later, upon learning of Angarita's 1998 departure, the IJ terminated the proceedings, concluding that the departure bar, 8 C.F.R. § 1003.23(b)(1),[1] deprived the immigration court of jurisdiction to reopen Angarita's case.

---

[1] "A motion to reopen or to reconsider shall not be made by or on behalf of a person who is the subject of removal, deportation, or exclusion proceedings subsequent to his or her departure from the United States." 8 C.F.R. § 1003.23(b)(1).

In March 2020, Angarita moved for reconsideration of the IJ's decision pursuant to 8 C.F.R. § 1003.23(b)(2), a motion that the IJ denied.   In May 2020, Angarita appealed to the BIA from the IJ's denial of reconsideration.   In December 2020, the BIA affirmed the IJ's decision denying reconsideration.   Angarita timely appealed the BIA's decision to this Court.

The only decision subject to review by this Court is the BIA's decision affirming the IJ's denial of reconsideration.   "A motion to reconsider must specify errors of fact or law in the challenged [agency] decision and must be supported by pertinent authority." *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 173 (2d Cir. 2008); 8 C.F.R. § 1003.23(b)(2).   The agency does not abuse its discretion by denying reconsideration where the motion simply "repeats arguments that the [agency] has previously rejected."   *Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006).

Angarita's motion to reopen asserted two grounds: (1) he had received an absolute pardon for the offense that had made him removable; and (2) "he was eligible for relief under [8 U.S.C. §] 212(c) according to case law that was released after his order of removal was entered."   CAR 184.   This latter argument was based on *INS v. St. Cyr*, 533 U.S. 289 (2001).

Angarita's motion to reconsider asserted three grounds: (1) the pardon, (2) the IJ's failure to consider his eligibility for relief under 8 U.S.C. § 212(c), and (3) "immigration

judges have previously given exceptions to the general rule of motion to reopen." CAR 86. The first two grounds are not new, obviously repeating the grounds asserted in the motion to reopen. With respect to the third ground, Angarita first acknowledged that "the departure of an alien under an outstanding order of deportation normally precludes the Immigration Judge from reopening the proceedings," CAR 90, and then cited a case where the BIA had made an exception to the removal bar because the noncitizen had not been given notice of the proceedings, which were conducted *in absentia*. [2] Those circumstances had no relevance to Angarita's case.

Denying the motion to reconsider, the IJ stated that Angarita had provided no authority that the pardon nullifies a removal order and that the departure bar precluded consideration of the section 212(c) claim. The IJ said, "While some courts of appeal have struck down the departure bar regulation, the Second Circuit has not. *See Zhang v. Holder*, 617 F.3d 650 (2d Cir. 2010). Therefore, the Court is bound by the departure bar." CAR 79.

On appeal to the BIA, Angarita acknowledged that "the 2nd Circuit has held that the departure bar is lawful with respect to *sua sponte* motions [to reopen]," citing *Zhang*. CAR 12. His brief made no claim that *Zhang* had been undermined by the Supreme Court's decision in *Kisor v. Wilkie*, 588 U.S. 558 (2019). Instead, Angarita argued that the

---

[2] *In re Bulnes-Nolasco*, 25 I. & N. Dec. 57 (B.I.A. 2009).

departure bar and the time limit for filing a motion to reopen were inapplicable because of the doctrine of equitable tolling. His brief summarized his departure bar argument in these words: "[Angarita's] motion to reopen was statutory and timely, *under equitable tolling doctrine*, therefore the departure bar under 8 C.F.R. § 1003.23(b)(1) cannot be applied to [Angarita's] case and the Immigration Judge has the jurisdiction to reopen his removal proceedings." *Id*. (emphasis added).

Angarita's brief to the BIA also argued that the pardon "[immunizes] [Angarita's] crimes as forming a basis of deportability." *Id*. at 15.

The BIA treated Angarita's appeal as an appeal from the IJ's denial of Angarita's motion to reconsider, affirmed the IJ's denial, and dismissed the appeal. The BIA first noted that the equitable tolling argument was raised for the first time on appeal and that such arguments are generally not considered. Nevertheless, the BIA considered the argument and rejected it for lack of due diligence. The BIA noted that the motion to reopen was filed close to 14 years after the expiration of the deadline established by 8 C.F.R. § 1212.3, which implemented the decision in *St. Cyr*. The BIA also noted that the motion to reopen was filed nearly a year after the pardon was issued.

On appeal to this Court, Angarita "accepts that the departure bar is a limit on the agency's sua sponte [*sic*] procedure." Petitioner Br. at 26. "What he argues is that it would be impermissible for the departure bar to function jurisdictionally rather than as

a simple claim processing rule." *Id*. This argument was not presented to the BIA, and we decline to consider it. "To preserve an issue for judicial review, the petitioner must first raise it with specificity before the BIA." *Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024). And we do not consider whether this Court's decision in *Zhang* has been undermined by the Supreme Court's decision in *Kisor* because, as noted, that argument was not presented to the BIA.

Since the BIA considered Angarita's equitable tolling argument, even though raised for the first time on appeal to the BIA, we consider that argument. If the BIA addresses an unexhausted issue, this Court deems the issue exhausted. *See Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 112 n.7 (2d Cir. 2008).

On such consideration, we see no basis for disturbing the BIA's rejection of Angarita's equitable tolling argument, whether that rejection is reviewed *de novo* or for abuse of discretion. And we affirm the BIA's affirmance of the IJ's denial of the motion to reconsider the denial of Angarita's motion to reopen. The IJ's decision on reconsideration was well within his discretion because only one argument in the motion for reconsideration was new, and that argument was entirely without merit.

For the foregoing reasons, Angarita's petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
